IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN RAMSEY, for themselves and all others similarly situated, DAVID C. OSTBLOM, for themselves and all others similarly situated, DEVON LEWIS, for themselves and all others similarly situated, and GROSS-WILKINSON RANCH, CO., for themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    V.<br><br>SPRINT COMMUNICATIONS COMPANY, L.P., QWEST COMMUNICATIONS COMPANY, LLC, and LEVEL 3 COMMUNICATIONS, LLC,<br><br>            Defendants. | 4:11CV3211<br><br>FINDINGS AND RECOMMENDATION |

      This matter is before the court on the parties' Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, (filing no. 18). For the reasons set forth below, the motion should be granted.

      This case involves "right-of-way" litigation brought by landowners in various states against three of the nation's largest telecommunications companies. The claims relate to the companies' installation of fiber-optic cable and related telecommunications equipment within railroad rights of way on property allegedly owned by the plaintiffs. The claims include trespass and unjust enrichment, among others. Filing No. 1. The plaintiffs also seek certification of a class to include "all persons or entities who own or owned, or held any interest in, real property underlying or adjacent to the cable side of a railroad right of way on which each Defendant, or any of them, has entered to install or maintain a fiber-optic or other telecommunications cable." Id. at p. 6, ¶ 17. "Excluded from the Class are Defendants, all state and federal governments and their agencies, any Indian tribe, and the trial judge." Id.

The litigation commenced over 10 years ago in various state and federal courts around the country. The suits were "hotly contested" and the parties engaged in "extensive discovery, motions practice and other pre-trial proceedings . . . ." Filing No. 19, p. 4. From 2001 through 2007, the various suits went through several stages of settlement discussions, interventions by other potential plaintiffs, and appeals. Filing No. 19, pp. 3-6. A global settlement was apparently reached after the parties mediated the disputed issues for over a year. Filing No. 19, p. 5.

Following mediation, a "master complaint" was filed in the District of Massachusetts with a joint preliminary-approval motion and final settlement papers. Filing No. 19, p. 5. The settlement was preliminarily approved, notice was given to the class members, and a "fairness" hearing was held."[1] Filing No. 19, pp. 5-6. After the "fairness" hearing was held, the Massachusetts court determined that it did not have subject-matter jurisdiction over the settlement under the local-action doctrine. Kingsborough v. Sprint Commc'n, 673 F. Supp. 2d 24, 35 (D. Mass. 2009). Thus, the court did not assert jurisdiction over the claims involving property outside of Massachusetts and denied the motion of the parties for final approval of the settlement as moot. Id.

The parties returned to mediation and determined that they would have to reach state-by-state settlements and present them for approval in each state where the telecommunications

---

[1] In this case, the parties are employing a similar two-step process to gain final approval of their settlement. First, the parties seek to have the class certified for settlement purposes only, receive preliminary approval of the settlement agreement, and gain approval of the form and method of the notice they intend to send to members of the class. Second, if the court approves the matters addressed in step one, the court must hold a hearing to determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

facilities were located. In late 2010, the parties reached an agreement on the terms of forty-six separate state settlement agreements, including the one filed in this court.

The complaint seeks approval of a settlement agreement. The parties have filed a joint motion for the certification of a settlement class, the preliminary approval of the Settlement Agreement, and approval of the form and manner of notice to the member of the class. Filing No. 20-1. The motion also contains a request for a hearing on the preliminary steps in this matter.

The undersigned magistrate spoke with counsel by telephone on February 13, 2012 to discuss the motion and the parties' request for a hearing. Counsel advised the court concerning the procedure followed in various other district courts regarding similar settlement agreements, and asked the court to give particular attention to Exhibits 20-6 and 20-10 which were submitted in support of the motion. These exhibits are orders issued by the Southeastern Division of the United States District Court for the District of North Dakota on a settlement agreement submitted to that court in a virtually identical case. Filing Nos. 20-6 & 20-10. At the conclusion of the teleconference, the parties agreed that the court had all of the necessary information for ruling on the motion for preliminary class certification, and no further evidentiary hearing was needed on that issue.

"Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997) (internal citation omitted). Having reviewed the evidence submitted in support of the motion, the corresponding brief submitted by the plaintiffs, and the relevant case law, I recommend a finding that the parties have met the requirements for certification of a settlement class and preliminary approval of the class-action settlement agreement.

The numerosity requirement is satisfied because the class is "likely to comprise thousands of individuals," making joinder of all potential plaintiffs impracticable. Filing No. 19, p. 23. Commonality is satisfied because the main legal and factual issues surrounding Defendants' course of conduct in installing fiber-optic cable are common for all class members. Typicality is present because the class representatives' claims arise directly out of the Settling Defendants' allegedly wrongful installation of fiber-optic cable on their respective real property. See Alpern v. UtiliCorp. United, Inc., 84 F.3d 1525, 1540 (8th Cir. 1996) ("Typicality . . . means that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" (quoting Donaldson v. Pillsbury Co., 554 F.2d 825, 830 (8th Cir. 1977)). Finally, the adequacy of representation requirement has been met because no conflict of interest exists between the named plaintiffs and the class members, and the claims of the class members are so interrelated that "the class members will be fairly and adequately protected in their absence." Amchem, 521 U.S. at 626 n. 20 (further noting the "adequacy-of-representation" requirement 'tend[s] to merge' with the commonality and typicality criteria"(internal quotation marks and citations omitted)).

Under Rule 23(b), if the requirements of Rule 23(a) have been met, "a class action may be maintained" if the requirements of either Rule 23(b)(1), (2), or (3) are met. In this case, certification is appropriate under Rule 23(b)(3) because common "questions of law or fact predominate over any questions affecting only individual members, and a class action is superior to other available methods of fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Certifying the class for settlement purposes will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Amchem, 521 U.S. at 615 (internal quotation marks and citations omitted).

Additionally, the proposed form and manner of notice satisfies Fed. R. Civ. P. 23 and provides "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). The proposed order, submitted by the plaintiffs, reflects the findings of this court and is wholly consistent with the manner in which other district courts have addressed virtually

identical motions in suits seeking settlement approval in the underlying telecommunications litigation. In this case the "class members are sufficiently cohesive to warrant adjudication by representation." In re Zurn Pex Plumbing Products Liability Litigation, 644 F.3d 604, 618 (8th Cir. 2011)(internal quotation marks and citations omitted).

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b):

1) The parties' Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, (filing no. 18) be granted;

2) The proposed order, submitted on behalf of the parties, (filing no. 20-2), be adopted and, pursuant to Fed. R. Civ. P. 23(g), Daniel J. Millea, Stephen D. Mossman, Irwin B. Levin, Scott Gilchrist, V. Gene Summerlin, Jr., and Natalie K. Winegar be appointed as Settlement Class Counsel; and

3) As requested in the parties' proposed order and pursuant to Fed. R. Civ. P. 23(e)(2), the court schedule a final hearing to determine whether the proposed settlement is fair, reasonable, and adequate.

The parties are advised that any objection to the this recommendation must be filed by **March 7, 2012.** The failure to timely file an objection may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

DATED this 27st day of February, 2012.

BY THE COURT:

*S/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.