IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN RAMSEY, et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>SPRINT COMMUNICATIONS COMPANY, L.P., et al.,<br><br>                    Defendants. | 4:11-CV-3211<br><br>EASEMENT DEED BY COURT ORDER IN SETTLEMENT OF LANDOWNER ACTION |

The Court has, on this date, entered a Memorandum and Order approving the parties' class action settlement agreement and ordering that this action may be settled as a class action on behalf of a settlement class defined in the settlement agreement as

> comprising all Persons who own or who claim to own, for any period of time during a Compensation Period, any Covered Property, *provided*, that "Settlement Class" or "Class" does not include: (1) Right-of-Way Providers and their predecessors, successors, parents, subsidiaries, and affiliates, past or present; (2) federal, state, and local governmental entities; (3) Native American nations and tribes; or (4) any Person who files a valid and timely exclusion on or before the Opt-Out Deadline.

Filing 20-1 at 8. The settlement agreement provides for the entry of an easement deed by court order in settlement of landowner action by which the settling defendants acquire, to the extent that the class members have the right to transfer it, a permanent telecommunications easement in the right of way adjacent to the property of each class member.[1]

IT IS ORDERED:

1. To the extent that each class member owns rights in the easement premises (as hereafter defined), the class member

---

[1] Terms that are expressly defined in the settlement agreement are, unless otherwise defined, intended to have the same meaning as in the settlement agreement.

  (the "grantor") hereby grants to whichever of Sprint Communications Company L.P., Qwest Communications Company, LLC, and Level 3 Communications, LLC, has designated for inclusion under a settlement agreement the right of way which adjoins, underlies, or includes covered property owned by the class member, together with its successors, assigns, and licensees (the "grantee"), a permanent telecommunications easement in the easement premises. For each county in which this easement deed by court order in settlement of landowner action is being recorded, a list of affected class members and their affected parcels is attached as Exhibit 1. Exhibit 1 shall describe class members' affected parcels with the following information, to the extent that it is in the database of identification information: owner name; owner mailing address; tax map identification number; tax parcel identification number; lot number; and section, township, and range. Exhibit 1 may describe class members' affected parcels with any other available information.

2. The terms and conditions of the permanent telecommunications easement that is the subject of this Easement Deed by Court Order in Settlement of Landowner Action are:

  a perpetual easement and right of way (hereinafter, together with the rights and privileges herein granted, the "easement") and right to place, lay, bury, construct, install, operate, repair, maintain (including aerial patrol), renew, rebuild, replace, upgrade, expand, relocate, and remove fiber optic cables, copper cables, coaxial cables or other cables through which voice, data, video or other signals are transmitted, conduits, inner ducts, hand holes, splice vaults, poles, optical or electronic equipment, regenerator huts, marker posts or signs, and other related facilities appropriate for installation, use, or maintenance of such cables (collectively, the "telecommunications cable system"), in, on, over, under, through and/or across the easement premises. The easement premises means all that real property that (a) either (i) is included within a parcel of property that is described in Exhibit 1 or (ii) has a common boundary with a parcel of property described in Exhibit 1

(the "grantor's property") (for purposes of this telecommunications cable system easement deed, a parcel of property shall be deemed to have a common boundary with the easement premises if it is separated by a non-navigable river or a street, road, or highway, other than a numbered state or federal highway) and that (b) (i) is or was used as a railroad right of way ("railroad right of way") and (ii) is on a side of the centerline of the railroad right of way that is next to the grantor's property (the "grantor side"), and (iii) extends no more than ten (10) feet on each side of the grantee's telecommunications cable system (a) as it existed on March 15, 2012 (b) where the actively used components of the grantee's telecommunications cable system are moved or placed, provided, however, that only a single 20-foot easement per moved component may exist at any point in time in the easement premises, and the width of the moved component's easement premises shall be reduced on one side and increased by an equal linear footage on the other side wherever necessary in order that it shall in all places remain solely within the limits of a single grantor side of the railroad right of way, and (c) where new components are installed to connect the existing telecommunications cable system to the edge of the right of way. The easement shall be construed to grant grantee all rights necessary to abandon in place unused components of grantee's telecommunications cable system.

The easement shall not include the right to construct on the easement premises regenerator huts and similar structures ("buildings") in addition to those existing on March 15, 2012. The easement shall include the rights to repair, replace, and expand existing buildings, provided, however, that no such repair, replacement, or expansion shall increase the site that the buildings occupy, or the height of any building, by more than twenty-five percent. The easement does not permit the construction of microwave towers, cell towers, or other components of a primarily aboveground statewide telecommunications cable system.

The easement includes the right to temporarily use the entire grantor side of the railroad right of way for construction or maintenance, so long as grantee uses its

best efforts not to interfere with any real property which, although within the boundaries of the easement premises, is actually being used by grantor; provided, however, that in no event shall grantee be prohibited from using such real property if it is commercially reasonable to do so under the circumstances or if grantee's telecommunications cable system is currently located within such area. The easement shall include the right of reasonable ingress and egress to and from the easement premises over that portion of the grantor's real property that underlies the railroad right of way and, for repair and maintenance, over any existing private roads of grantor, where access from public or railroad roads is not reasonably practical, provided grantee has made commercially reasonable efforts to give prior notice to grantor of grantee's use of grantor's private roads. Grantee shall not be liable for damages caused by its removal of trees, undergrowth, and brush within the easement premises necessary or appropriate for the enjoyment of the easement. Nothing contained herein shall constitute a waiver of any right that grantor may have for any damages to grantor's property outside of the easement premises caused by grantee's action. If grantee's action causes damage to any of grantor's existing improvements, including houses, garages, shops, sheds, and fences, or growing crops, which are within the easement premises, grantee shall pay reasonable compensation to the grantor for such damage to the extent provided by law.

  From and after December 3, 2012, subject to all the restrictions and limitations stated herein, the easement includes the right to construct and install additional components of a telecommunications cable system within the easement premises. Grantee agrees that, unless (a) it is required to do so by the railroad or other owner of railroad right of way or (b) it is commercially reasonable under the circumstances to do so, it will not install additional components of a telecommunications cable system in the area of the easement premises that is outside a parallel fence constructed by the railroad or other owner of railroad right of way or is actually being used by the grantor or its successor, provided, however, that the foregoing shall not be binding upon grantee if grantee's telecommunications

- 4 -

cable system is currently located within such area. If grantee's action causes damage to any of grantor's existing improvements, including houses, garages, shops, sheds, and fences, or growing crops, which are within the easement premises, grantee shall pay reasonable compensation to the grantor for such damage to the extent provided by law.

The easement includes all rights necessary to the lawful occupation of the easement premises by an existing telecommunications cable system, and by any additional telecommunications cable system that is constructed and installed by or on behalf of grantee in the easement premises and that is owned or operated by either (a) grantee or (b) any person or entity to which grantee sold, granted, leased, or otherwise transferred or may hereafter sell, grant, lease, assign, or otherwise transfer, all or any part of the rights in or use of such telecommunications cable system.

The easement, however, does not apply to any telecommunications cable system that existed on March 15, 2012, but that was acquired by grantee after that date (unless such telecommunications cable system or component thereof was acquired from any of Sprint Communications Company L.P.; Qwest Communications Company, LLC, f/k/a Qwest Communications Corporation; Level 3 Communications, LLC, Level 3 Communications, Inc., and Level 3 Telecom Holdings, Inc.; WilTel Communications, Inc.; WilTel Communications, LLC; and Williams Communications, LLC, f/k/a Williams Communications, Inc., f/k/a Vyvx, Inc.).

No oil, gas, or other mineral rights are granted and no existing oil, gas, or other mineral rights are expanded, limited, or affected by this instrument, provided, however, that grantor shall not use a method of extraction that interferes with or impairs in any way the easement, the telecommunications cable system, or the exercise of grantee's rights herein.

Grantor shall not, nor shall grantor authorize others to, construct or create any road, reservoir, excavation, obstruction, structure, or building or change the land grade on, in, over, under, through, or across the easement

premises without the prior written consent of grantee, provided that nothing herein shall be construed to affect the rights and obligations of any railroad with respect to the use, improvement, or alteration of its railroad right of way, as provided in any agreement between the railroad and the grantee, by applicable law, or otherwise.

It is understood and agreed that the easement is not exclusive and is subject to all pre-existing uses and pre-existing rights to use the easement premises, whether such uses are by grantor or others and whether for surface uses, crossings, or encroachments by communication companies or utilities. It is further understood and agreed that grantor retains all of its existing rights, if any, to grant, convey, assign, and restrict any and all rights (including future rights and uses) on the easement premises, provided, however, and notwithstanding the foregoing, that grantor shall not use or authorize others to use the easement premises in a manner that interferes with or impairs in any way grantee's telecommunications cable system or the exercise by grantee of the rights granted herein.

Subject to the terms hereof, grantee shall have all other rights and benefits necessary or useful to the full and complete enjoyment and use of the easement for the purposes stated herein, including the right to sell, grant, lease, or otherwise transfer all or any part of the rights in or use of the telecommunications cable system.

Grantor conveys the easement without warranty of title to any property interest in the easement premises. This instrument does not address and shall not affect any real property rights, including the priority of interests, between grantor and any railroad or between grantee and any railroad, or any of their predecessors, successors, past or present predecessors in interest, successors in interest, successors in title, members, partners, parents, subsidiaries, affiliates, lessees, assigns, and past, current, or future licensees or assignees. This easement is not intended to impact or diminish any railroad's existing rights or property interests in the right of way. This easement shall not be construed to permit grantee to interfere with railroad operations. This easement also shall not permit any component of a telecommunications cable

system to remain in a railroad right of way except (a) under existing or future agreements with the railroad or (b) in any railroad right of way in which no railroad operates and no railroad retains any right, title, or interest. This easement also shall not permit any new components to be installed to connect the existing telecommunications cable system to the edge of the right of way in any railroad right of way as to which the interstate commerce commission or the surface transportation board has entered an order, pursuant to 49 U.S.C. § 10903, that the railroad is authorized to cease to provide or maintain rail service over that right of way and the railroad no longer provides or maintains rail service over that line, provided that if the railroad does not cease such rail service or later reactivates such service, then this limitation shall not apply.

This telecommunications cable system easement deed is executed and delivered on behalf of grantor for the purpose of granting the easement to grantee in, on, over, under, through and/or across the easement premises to the full extent of grantor's right, title or interest, if any, in or to the easement premises, and the easement granted hereby shall affect the easement premises only to the extent of grantor's right, title, and interest therein. Grantor and grantee agree that this telecommunications cable system easement deed shall not grant any rights to the easement premises, or any portion thereof, in which grantor holds no right, title or interest.

No rights reserved to grantor herein shall be deemed to expand rights reserved to grantor under any other easement, right of way, license, lease, or any similar instrument or court order. No limitation herein on the rights of grantee shall be deemed to limit rights heretofore granted by grantor or its predecessors in interest under any other easement, right of way, license, lease, or any similar instrument or court order.

The terms and provisions of this instrument shall constitute covenants running with the land and shall be binding upon and inure to the benefit of the settling defendants, the grantor, their successors, assigns, personal representatives, and heirs.

This instrument fully sets forth the terms and conditions of the easement. There are no oral or other written agreements between grantor and grantee that modify, alter, or amend this instrument.

To have and to hold the easement, rights and privileges unto grantee, its successors and assigns in perpetuity or until such time as grantee shall cause the easement to be released of record.

3. Settling defendants may record this easement under the terms and conditions set forth in the settlement agreements.

Dated this 3rd day of December, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge